UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DASHONE MARCEL REYNOLDS | CIVIL ACTION |
| VERSUS | NO. 22-533 |
| ORLEANS PUBLIC DEFENDERS OFFICE | SECTION "R" (2) |

| | |
|---|---|
| DASHONE MARCEL REYNOLDS | CIVIL ACTION |
| VERSUS | NO. 22-606 |
| ORLEANS CRIMINAL DISTRICT COURT | SECTION "R" (2) |

| | |
|---|---|
| DASHONE MARCEL REYNOLDS | CIVIL ACTION |
| VERSUS | NO. 22-901 |
| CRIMINAL DISTRICT COURT | SECTION "R" (2) |

| | |
|---|---|
| DASHONE MARCEL REYNOLDS | CIVIL ACTION |
| VERSUS | NO. 22-946 |
| ORLEANS PARISH MAGISTRATE COURT | SECTION "R" (2) |

| | |
|---|---|
| DASHONE MARCEL REYNOLDS | CIVIL ACTION |
| VERSUS | NO. 22-1234 |
| NICKOLAS DAVIS | SECTION "R" (2) |

| | |
|---|---|
| DASHONE MARCEL REYNOLDS | CIVIL ACTION |
| VERSUS | NO. 22-1328 |
| DAVID B. LEBLANC | SECTION "R" (2) |

| | |
|---|---|
| DASHONE MARCEL REYNOLDS | CIVIL ACTION |
| VERSUS | NO. 22-1580 |
| CRIMINAL DISTRICT COURT ORLEANS PARISH | SECTION "R" (2) |

**ORDER**

Petitioner Dashone Reynolds, proceeding *pro se* and *in forma pauperis*, brings the above-captioned petitions for writs of habeas corpus under 28 U.S.C. § 2241.[1] Magistrate Judge Donna Phillips Currault issued a Report & Recommendation ("R&R") in each case, recommending that the petitions for habeas relief under § 2241 be dismissed with prejudice as moot because Reynolds is no longer a pretrial detainee.[2] The Magistrate Judge

---

[1] *Orleans Public Defenders Office*, No. 22-533, R. Doc. 1; *Orleans Criminal District Court*, No. 22-606, R. Doc. 4; *Criminal District Court*, No. 22-901, R. Doc. 5; *Orleans Parish Magistrate Court*, No. 22-946, R. Doc. 4; *Davis*, No. 22-1234, R. Doc. 1; *LeBlanc*, No. 22-1328, R. Doc. 3; *Criminal District Court Orleans Parish*, No. 22-1580, R. Doc. 3.

[2] *Orleans Public Defenders Office*, No. 22-533, R. Doc. 16; *Orleans Criminal District Court*, No. 22-606, R. Doc. 15; *Criminal District*

further recommended that the petitions not be recharacterized under § 2254 because Reynolds' state court conviction is not yet final and he has not exhausted available state court review of his claims in a procedurally proper manner through the Louisiana Supreme Court.[3] Additionally, the Magistrate Judge found that Reynolds failed to name the proper respondents in two of his federal habeas corpus proceedings,[4] and that he improperly sought monetary damages in one of the proceedings.[5]

Reynolds did not object to the R&Rs. Therefore, the Court reviews the R&Rs for clear error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b) advisory committee's note (1983) ("When no timely objection is filed, the court need

---

    *Court*, No. 22-901, R. Doc. 16; *Orleans Parish Magistrate Court*, No. 22-946, R. Doc. 15; *Davis*, No. 22-1234, R. Doc. 16; *LeBlanc*, No. 22-1328, R. Doc. 17; *Criminal District Court Orleans Parish*, No. 22-1580, R. Doc. 19.

[3]   *Orleans Public Defenders Office*, No. 22-533, R. Doc. 16; *Orleans Criminal District Court*, No. 22-606, R. Doc. 15; *Criminal District Court*, No. 22-901, R. Doc. 16; *Orleans Parish Magistrate Court*, No. 22-946, R. Doc. 15; *Davis*, No. 22-1234, R. Doc. 16; *LeBlanc*, No. 22-1328, R. Doc. 17; *Criminal District Court Orleans Parish*, No. 22-1580, R. Doc. 19.

[4]   *Davis*, No. 22-1234, R. Doc. 16; *LeBlanc*, No. 22-1328, R. Doc. 17.

[5]   *Criminal District Court Orleans Parish*, No. 22-1580, R. Doc. 19.

only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The Court finds no clear error.

Accordingly, the Court adopts the reasoning in Magistrate Judge Currault's R&Rs as its opinion. Reynold's petitions for habeas relief under § 2241 are DISMISSED WITHOUT PREJUDICE as moot.

## **CERTIFICATE OF APPEALABILITY**

When a district court enters a final order adverse to a petition under 25 U.S.C. § 2241, the court may issue a certificate of appealability ("COA") only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Gibson v. Orleans Parish Sheriff*, No. 13-30944, 2014 WL 1066987, at *1 (5th Cir. Mar. 20, 2014) (holding that a COA is required for state pretrial detainee); *Bourque v. Woods*, 296 F. App'x 395, 396 (5th Cir. 2008) (denying COA on state prisoner's § 2241 claims). The "controlling standard" for COA requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted)). "'When the district court denies a habeas

4

petition on procedural grounds without reaching the prisoner's underlying constitutional claim,' . . . a [COA] should issue only when the prisoner shows both 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (emphasis in original) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *Gibson*, 2014 WL 1066987, at *1 (quoting *Slack*, 529 U.S. at 484); *Bourque*, 296 F. App'x at 396 (quoting *Slack*, 529 U.S. at 484).

Reynolds' petitions do not satisfy these standards. For the reasons stated in this Court's Order, the Court finds that Reynolds has not demonstrated that he is entitled to federal habeas relief under § 2241, that dismissal on procedural grounds is incorrect, or that the claims raised would engender debate among reasonable jurists or deserve encouragement to proceed further. Thus, the Court will not issue a COA.

New Orleans, Louisiana, this __6th__ day of September, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE